United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
Kenneth M. Mitan,
        Debtor.
_____/

Case No. 03-71601-R
Chapter 7

Charles J. Taunt, Trustee,
        Plaintiff,

v.

Adv. No. 04-4484

Kenneth M. Mitan,
        Defendant.
_____/

Opinion Denying Debtor's Discharge

The trustee, Charles J. Taunt, filed a complaint requesting that the Court deny Kenneth Mitan's discharge. Taunt relies on §§ 727(a)(2)(B), (a)(3), (a)(4)(D) and (a)(6)(C). This matter is before the Court on Taunt's motion for summary judgment.

I.

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor.

*United States v. Certain Real Prop.*, 800 F. Supp. 547, 549-50 (E.D. Mich. 1992) (citations omitted).

Federal Rule of Civil Procedure 56(c) is made applicable to bankruptcy adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.

Taunt asserts that there is no genuine issue of material fact. The Court agrees that there are no genuinely contested facts and that the only issues are legal issues. Accordingly, summary judgment is appropriate.

II.

On May 20, 2003, Kenneth M. Mitan filed a chapter 11 petition in the Central District of California. On September 26, 2003, the case was transferred to the Eastern District of Michigan. On February 9, 2004, the case was converted to chapter 7. On May 13, 2004, Taunt filed this complaint to deny Mitan's discharge.

The record establishes that Mitan has failed to appear for two regularly scheduled first meetings of creditors. The original first meeting of creditors was scheduled for April 7, 2004. Mitan did not appear for this meeting. Due to Mitan's failure to appear, the meeting was continued to April 21, 2004. The continuation was announced on the record at the time of the originally scheduled first meeting of creditors. On April 8, 2004, Taunt mailed correspondence to Mitan at three separate addresses, advising Mitan of the new date. The correspondence was also copied to Mitan's counsel of record at the time, Jeffrey A. Kopczynski. Neither Mitan nor anyone on his behalf appeared at the meeting on April 21, 2004.

Mitan alleges, without proof, that he attempted to contact Taunt to inform him that he would not

04-04484-swr    Doc 73    Filed 09/29/05    Entered 09/29/05 15:09:50    Page 2 of 7

be present at the meeting. Mitan alleges that his failure to appear was because he was incarcerated at the time of the meetings. However, Mitan has provided no evidence in support of this allegation.

The record also establishes that Mitan has refused to make any meaningful attempt to respond to Taunt's written request for records and information. On September 3, 2004, after being advised of an address in California where Mitan would receive mail, Taunt sent a letter to Mitan requesting specific documents. Mitan elected to litigate whether and which documents must be produced. Mitan asserts that he does not have to respond to said requests for various reasons, including improper service. Taunt has yet to receive any of the requested documentation.

Mitan has had some minimal communication with Taunt. However, he has refused to produce any of the documentation requested by Taunt, has not allowed himself to be examined at the first meeting of creditors, and has continually failed to provide any documentation that might permit Taunt to determine Mitan's financial condition.

### III.

Pursuant to 11 U.S.C. § 727(a) the court must grant a discharge to a chapter 7 debtor unless one or more of the specific grounds for denial of a discharge exists. The trustee bears the burden of proving an objection to discharge. *Barclays/Am. Bus. Credit, Inc. v. Adams* (*In re Adams*), 31 F.3d 389, 393-94 (6th Cir. 1994).

### A.

Taunt asserts that Mitan's discharge should be denied due to his failure to provide records. Section 727(a)(3) provides:

> (a) The court shall grant the debtor a discharge, unless-
>
>> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

11 U.S.C. § 727(a)(3).

This section requires the debtor to "provide the trustee or creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Bay State Milling Co. v. Martin* (*In re Martin*), 141 B.R. 986, 995 (Bankr. N.D. Ill. 1992). "The adequacy of debtor's records must be determined on a case by case basis. Considerations to make this determination include debtor's occupation, financial structure, education, experience, sophistication and any other circumstances that should be considered in the interest of justice." *United States v. Trogdon* (*In re Trogdon*), 111 B.R. 655, 658 (Bankr. N.D. Ohio 1990).

Taunt also relies upon § 727(a)(4)(D), which provides that a discharge shall be denied a debtor who "knowingly and fraudulently, in or in connection with the case withheld from an officer of the estate entitled to possession under this title, any recorded information . . . relating to the debtor's property or financial affairs." 11 U.S.C. § 727(a)(4)(D)

"The focus of § 727(a)(4)(D) is on the debtor's duty to maintain and turn over recorded information which bears upon the debtor's financial condition and business affairs." *Gold v. Guttman* (*In re Guttman*), 237 B.R. 643, 650 (Bankr. E.D. Mich. 1999) (citing *Nof v. Gannon* (*In re Gannon*), 173 B.R. 313, 320 (Bankr. S.D.N.Y. 1994)).

Taunt has established that Mitan has turned over absolutely no documentation. Mitan does not dispute this point, but instead asserts that Taunt's requests somehow violate court procedure.

Mitan's only real communication with Taunt occurred in a letter that he sent on October 25, 2004. This letter simply requested that Taunt begin formal discovery proceedings. However, it was Mitan's duty to produce the requested documents upon any and all of Taunt's requests so that Taunt could perform his duties.

Section 521(3) imposes a duty upon the debtor to cooperate with the trustee to enable the trustee to perform the trustee's duties. 11 U.S.C. § 521(3). A debtor's cooperation is a prerequisite to granting a discharge. *In re McDonald*, 25 B.R. 186, 189 (Bankr. N.D. Ohio 1982). The Court concludes that there are no genuine issues of material fact and that summary judgment denying Mitan's discharge pursuant to 11 U.S.C. § 727(a)(3) and (a)(4)(D) is appropriate.

B.

Taunt also asserts that Mitan's discharge should be denied because of Mitan's refusal to attend either of the § 341 first meetings of creditors.

Under § 727(a)(6)(C), a debtor's discharge must be denied if the debtor has refused to obey any lawful order of the court. The burden of proof is on the objecting party to show that there has been a violation of a lawful order of the court warranting denial of the discharge. Fed. R. Bankr. P. 4005.

Taunt has clearly met his burden by proving that Mitan failed to appear at not one, but two first meetings of creditors. Mitan alleges that he was incarcerated at the time of these meetings. However, Mitan has offered no proof, or even an affidavit, to this effect, and instead simply relies on his mere

5

04-04484-swr    Doc 73    Filed 09/29/05    Entered 09/29/05 15:09:50    Page 5 of 7

allegations. However, a party opposing a motion for summary judgment "'may not rest upon mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial.'" *See Braithwaite v. Timken* Co., 258 F.3d 488, 492-93 (6th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986)). The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348 (1986). Mitan has failed in this burden.

Therefore, because Mitan failed to attend either first meeting of creditors, his discharge is denied pursuant to § 727(a)(6)(C).

VI.

> The reasons for denying a discharge to a bankrupt must be real and substantial, not merely technical and conjectural. A debtor is entitled to a starting presumption that most debtors are honest and do not ordinarily engage in fraudulent activities.

*Schreiber v. Emmerson* (*In re Emmerson*), 244 B.R. 1, 19 (Bankr. D.N.H. 1999) (internal citations omitted).

In the present case, there are real and substantial reasons for denying the debtor's discharge. Mitan has continually and purposefully avoided answering any of Taunt's requests for production of records. Mitan has also missed two first meetings with creditors. His excuses for doing so are inadequate and unsupported.

The trustee has proven beyond a preponderance of the evidence that the debtor's discharge should

6

04-04484-swr    Doc 73    Filed 09/29/05    Entered 09/29/05 15:09:50    Page 6 of 7

be denied pursuant to §§ 727(a)(3), (a)(4)(D) and (a)(6)(C). The Court need not consider Taunt's assertions that Mitan's discharge should be denied pursuant to § 727(a)(2)(B).

An appropriate order will be entered.

**Entered: September 29, 2005**

　　　　　　　　　　　　　　　　　　　　　　　　　　**/s/ Steven W. Rhodes**
　　　　　　　　　　　　　　　　　　　　　　　　**Steven W. Rhodes**
　　　　　　　　　　　　　　　　　　　　　　　　**Chief Bankruptcy Judge**